IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRIE JENNINGS, individually and on behalf of a class of persons similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 3:15-cv-2436 |
| JRP OIL CO., INC., a Texas Corporation; and JAGJIT MANN, | ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, Terrie Jennings, individually and on behalf of a class of persons similarly situated, by her attorney, and for her Complaint, complains against Defendants JRP OIL CO., INC. and JAGJIT MANN, as follows:

INTRODUCTION

1. Plaintiff TERRIE JENNINGS worked as a sandwich maker for Defendants. Defendant JAGJIT MANN operates JRP OIL CO., INC. as a Valero service station and a Subway restaurant franchise, among other things. JENNINGS worked overtime as an employee. Defendants used a separate identity, in addition to Plaintiff's own name, in order to record pay to Plaintiff (and other employees) with a separate paycheck issued each pay period in that assumed name, in addition to the employee's own name, all to avoid paying Plaintiff overtime at 1.5 times the employee's hourly rate for the vast majority of overtime hours worked by Plaintiff. Thus, Defendants paid Plaintiff and others at a straight time rate for time worked beyond forty hours per week and did not pay the amount per hour that federal

and state law require them to pay employees when the employees worked overtime for Defendants.

2. Defendants' payroll records demonstrate on their face that Defendants have failed to pay the correct overtime rate, when the number of hours scheduled and worked by a given employee in a work week under their actual identity is combined with the number of hours worked by that employee in the same work week under the assumed name that Defendants assigned to the employee.

3. Defendants committed this violation across a collective class of similarly situated employees of Defendants whose compensation was calculated and paid by Defendants. That class, including Plaintiff, and as more specifically defined below in paragraphs 29, 39 & 40 is referred to herein as "Plaintiffs".

4. Plaintiffs' claims are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. as a collective action.

THE PARTIES, JURISDICTION & VENUE

5. Jurisdiction in this Court is conferred by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), on the basis of federal question jurisdiction, pursuant to the Fair Labor Standards Act, because the matter concerns an action arising under a federal law, the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* (the "FLSA").

6. Venue is proper in this Court as the illegal conduct alleged herein occurred in this district, in Lone Oak, Hunt County, Texas.

7. Defendant JRP OIL CO., INC is a Texas corporation, registered with the Texas Secretary of State as a for-profit domestic corporation. It owns and/or operates, among other entities, a

Subway® restaurant franchise located in Lone Oak, Texas. Defendant JRP OIL CO, INC. is referred to herein, interchangeably, as "the Subway Restaurant" or "the Restaurant".

8. At all relevant times, Defendant JAGJIT MANN, has been a founder, an owner and the president of the Subway Restaurant.

9. MANN, directly and/or jointly with Defendant JRP OIL CO., INC., directed, implemented and controlled the wage policies and practices at issue in this lawsuit. Further, he both ratified and implemented the wage policies and practices used on Plaintiff and the class members.

10. Plaintiff Jennings is a former employee of Defendants. At all relevant times, Plaintiff has been an "employee" of Defendants as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e). Plaintiff's Consent to proceed in this action is attached as "Exhibit A".

11. At all relevant times, both before, during, and after Plaintiff Jennings's employment with Defendants, Defendants have each been an "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Defendants were and are an enterprise within the meaning of section 3(r) of the Act. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

FACTS

12. In 2011, Plaintiff became aware of an opening for a position as a sandwich maker at Defendants' Restaurant.

13. Plaintiff applied for a position as a sandwich maker with Defendant, in 2011, in order to work for Defendants in exchange for wages and/or other compensation; and Defendants hired Plaintiff as an employee.

14. Plaintiff met personally with a representative of Defendants when she was hired, and was told by Defendants' representative that Defendants agreed to hire Plaintiff as an employee, to work as a sandwich maker, at a rate of $8.00 /hour.

15. Defendants paid Plaintiff to perform work for Defendants as a sandwich maker for Defendants, at the rate of $8.00 per hour, for all hours worked during a week, regardless of the number of hours worked, during the entire duration of Plaintiff's employment with Defendants.

16. Defendants failed to pay Plaintiff at one and one-half her regular hourly rate for any time worked beyond forty hours per week, and instead continued to pay the straight time rate for such time worked beyond forty hours per week.

17. Upon information and belief, Defendants sent payroll to an accountant to pay Plaintiff and all of its employees; and it has done so since prior to the time Plaintiff began her employment with Defendants; and/or it utilized the same manner and method of calculating time and pay for Plaintiff as it did other employees whom it compensated on an hourly basis. The exact identity of those other employees is within Defendants' exclusive possession and control.

### DEFENDANTS' FAILURE TO PAY OVERTIME WAGES PROPERLY

18. Plaintiff and other hourly employees of Defendants routinely worked in excess of forty hours in any given workweek during their employment by Defendants.

19. Defendants kept time records of the hours worked by Plaintiff and other hourly employees of Defendants.

20. Plaintiff and other hourly employees of Defendants are entitled to overtime compensation of one and one half times their regular rate of pay for all hours worked in excess of forty hours per workweek for all time they worked in excess of forty hours in any given workweek.

21. Defendant has and has had a policy and practice of failing to pay the proper amount of overtime wages to Plaintiff, as well as to its other hourly employees, based on the employee's regular hourly rate. That practice is as set forth above in, *inter alia*, paragraphs 1, 15 & 16, and is reflected by the improper calculation of overtime wages in each of Plaintiff Jennings's paycheck stubs throughout her employment by Defendants, when compared to her work schedule and combined with the pay check stubs of others, reflecting the time Plaintiff worked under an assumed identity, and in the paycheck stubs and payroll records for certain other of Defendants' hourly employees.

22. Section 7 of the FLSA, 29 U.S.C. § 207 requires employers to pay employees one and one half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

23. Defendants' practice, as set forth above in, *inter alia*, paragraphs 1, 15, 16 & 21 of failing to pay the proper amount of overtime wages has caused Plaintiff and other hourly employees of Defendant to be deprived of an amount due them and ascertainable through a review of the payroll records Defendant is legally required to maintain; the exact amount is presently not ascertainable by Plaintiff.

FACTS IN SUPPORT OF COLLECTIVE ACTION CERTIFICATION

24. Plaintiff brings Count I of this Complaint as a collective action on behalf of herself and all other current and former hourly employees of Defendants who were not paid the full amount of overtime wages earned and owed to them.

25. Section 16(b) of the FLSA allows for a collective action "against any employer ... by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

26. Plaintiff seeks to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendants as hourly employees at any time between March, 2011 and the present who were not paid the full amount of overtime wages earned and owed to them.

27. There are questions of law or fact common to the employees described in paragraph 26, even though there may be distinctions in their job titles, functions or pay.

28. Plaintiff is similarly situated to the employees described in paragraph 26, because the putative class members and Plaintiff were together the victims of a single decision, policy, or plan, as set forth above in paragraphs 1, 15, 16, and 21, inter alia.

29. Plaintiff's claims and Defendant's defenses to those claims are typical of the claims or defenses of the persons described in paragraph 26.

30. There is sufficient similarity between the named and any opt-in plaintiffs to allow the matter to proceed to trial on a collective basis.

31. At all relevant times, Defendants paid Plaintiff and the persons described in paragraph 26 to work as their employees.

32. At all relevant times, Defendants have been an "employer" of the persons described in paragraph 26, as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33. At all relevant times, Plaintiff and the persons described in paragraph 26 have been "employees" of Defendants as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

34. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

### COUNT I - FLSA

#### FAILURE TO PAY PROPER OVERTIME WAGES

34. Plaintiff realleges and incorporates by reference Paragraphs 1 through 33 as Paragraph 34 of this Count I.

35. Plaintiff seeks to recover from Defendants unpaid wages, liquidated damages, attorneys' fees and costs pursuant to Section 16(b) of the FLSA. 29 U.S.C. § 216(b).

36. Defendants' practice, as described in, *inter alia*, paragraphs 1, 15, 16 and 21, of failing to pay Plaintiff and the persons described in paragraph 26 the proper amount of overtime wages due to them has resulted in Defendants' hourly employees not being paid the full amount of overtime wages owed them, in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

37. Defendants have failed to pay Plaintiff and the persons referenced in paragraph 26 the full amount of overtime wages they earned for all time worked in excess of forty hours per workweek.

38. Defendants' failure to compensate Plaintiff and the persons referenced in paragraph 26 the full amount of overtime wages for all time worked in excess of forty hours per workweek violates Section 7 of the FLSA, 29 U.S.C. § 207.

39. Defendants' violation of the FLSA was willful:  Defendants deliberately assigned assumed identities to Plaintiff and to other employees for the express purpose of attempting to avoid

liability for overtime compensation; and otherwise deliberately evaded their obligations to pay overtime at the correct rate.

40. Plaintiff and the persons referenced in paragraph 26 have been damaged by not being paid overtime wages due to them in an amount not presently ascertainable for the relevant time period.

WHEREFORE, Plaintiff demands a trial by jury on this and all counts so triable, and prays that this Court award him the following relief under Count I: (a) grant Plaintiff's counsel leave to post notice of this lawsuit at the workplace and to send notice of this lawsuit to the members of the class referenced in paragraph 26 and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216; (b) award Plaintiff and all persons who opt-in all unpaid overtime wages they earned, plus liquidated damages; (c) enjoin Defendants from retaliating against Plaintiff or any claimant who may seek to opt in to this case; (d) award Plaintiff and all persons who opt in their attorneys' fees and costs; and (e) grant such further relief as this Court deems equitable and just.

Respectfully Submitted,

/s/ J. Derek Braziel
**J. Derek Braziel**
State Bar No. 00793380
**J. Forester**
State Bar No. 24087532
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar St. Ste. 325
Dallas, Texas 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010

**Jeffrey Grant Brown**
Illinois Bar No. 6194262
Admitted to the Northern District of Illinois
Applying for Admission to this Court *Pro Hac Vice* contemporaneous to this filing
**JEFFREY GRANT BROWN, P.C.**
221 North LaSalle Street
Suite 1414
Chicago, Illinois 60601
(312) 789-9700

**ATTORNEYS FOR PLAINTIFFS**